IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| CINDY BRISENDINE, | ) | |
| Plaintiff | ) ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 95-AR-0276-M |
| ECLIPSE HOSIERY, INC., ET AL., | ) ) | |
| Defendants | ) ) | |

**ENTERED**

**JAN 1 0 1997**

### MEMORANDUM OPINION

This court has for consideration a motion by plaintiff, Cindy Brisendine ("Brisendine"), for an award of attorneys fees pursuant to 42 U.S.C. § 2000e-5(k) and Rule 54(d)(2), F.R.Civ.P. The court directed plaintiff to supplement her motion with a copy of any agreement between her and her attorneys executed prior to the filing of her complaint in this court, and she has done so.

As this court sees it, all except four of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and its progeny, are either irrelevant or are neutral in their influence in deciding the fee question. The four relevant factors are: (1) what is a reasonable hourly rate for plaintiff's counsel (the "lodestar"); (2) what is the reasonable number of lawyer-hours spent; (3) what is the degree of success; and (4) what is the effect, if any, of the fee agreement.

Defendants have filed nothing to contravene Brisendine's allegation, supported by affidavit, that the lawyer-hours claimed by her counsel were necessarily spent, or that the hourly rate claimed by Brisendine's counsel is reasonable. This court has neither the time nor the inclination to question these aspects of Brisendine's claim for attorneys fees. The court is not as envious of counsel's claimed hourly rate of $150.00 as it is of recent claims of $300.00 to $400.00 per lawyer-hour by lawyers no better qualified, and no more experienced, than Brisendine's counsel is here. However, this senior judge cannot resist saying in passing that if he were paid $150.00 per hour for every hour he spends working as a judge, he could pay for all the space he needs, for his staff, with a salary increase, and for his other overhead, and still take home more taxable income than Congress seems willing to pay him. This is more of a complaint about the exponential increase in lawyers' hourly rates than it is a contention that this judge is worth more than he is being paid.

Using an unadulterated lodestar approach, Brisendine's uncontradicted petition for a $31,800.00 attorneys fee and $1,899.05 in expenses cannot be argued with. But, this case presents some other problems which require a deviation from the pure lodestar mathematical calculation. First, plaintiff's Title VII sexual harassment complaint initially named three defendants, Eclipse Hosiery, Inc. ("Eclipse", plaintiff's employer), Jim Baker

("Baker", president of Eclipse), and William Lindsey ("Lindsey", plaintiff's supervisor who was her actual *quid pro quo* attacker.) Baker got out on summary judgment very early in the case, leaving only two defendants to face the music at trial. By the time of trial the only claims against Lindsey were pendent state claims under tort theories of assault and battery and invasion of privacy. As such, they carried no possibility of an attorneys fee award against Lindsey, even if Brisendine prevailed. Eclipse was the only remaining Title VII target. Although Brisendine was still trying to recover against Eclipse for Lindsey's wrongful conduct under state law on a *respondeat superior* theory, she sought from Eclipse, under Title VII: (1) back pay; (2) compensatory damages in the form of mental anguish; and (3) punitive damages. The jury denied her state claims against Eclipse; denied both back pay and damages for mental anguish under Title VII; and the jury's punitive damage award of $35,000.00 under Title VII is almost the same amount that she now claims for attorneys fees and expenses. Eclipse argues, without success but with some plausibility, that to double what Eclipse must pay Brisendine would be to "punish" it more than the jury intended. The court is persuaded to deviate from the lodestar not by following Eclipse's suggestion to compare the amount of the jury verdict with the amount sought by Brisendine's lawyers, but rather by *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983), the case which prevents a prevailing

3

plaintiff from recovering from a Title VII defendant for that portion of the professional services performed by plaintiff's counsel that did not produce or contribute to the favorable result.

While speaking of what this court does not envy, this court does not envy today's plaintiff's lawyers in Title VII, ADEA and ADA cases for having to keep time records designed to anticipate an unwished for need to distinguish between that portion of the work that produces the successful result and that portion that fails to obtain the relief sought by the same plaintiff, or, as in the instant case, succeeds on a state claim that carries no fee for the prevailing party. Brisendine might even consider herself lucky that Baker, who was a prevailing <u>defendant</u>, did not timely seek her attorneys fees for the lawyer-hours worked by Baker's high-priced lawyers and were allowed to withdraw before having to decide whether to try to get blood out of the Brisendine turnip.

The motion and accompanying affidavits filed by Brisendine in support of her claim for attorneys fees and expenses do not provide this court with a rational basis for deciding how many of her lawyer's hours were spent chasing Eclipse on claims as to which she was unsuccessful, and/or how many lawyer-hours were spent chasing Baker with no success whatsoever, and/or how many hours were spent chasing Lindsey under state law theories and getting a mere $2,000.00 verdict against Lindsey that carries no add-on fee even if the jury had awarded $2,000,000. The court is left with three

4

choices: (1) to speculate wildly; (2) to find that Brisendine has failed to meet her burden of proof under 42 U.S.C. § 2000e-5(k); or (3) to exercise the court's somewhat less than Solomonic judgment and divide Brisendine's proven attorneys fees and expenses under the lodestar theory by three, the number of defendants; and to award plaintiff one-third of what she requests because she only nailed the single defendant who is subject to prevailing-party fee liability.

The claim here is complicated further by Brisendine's so-called contingent fee contract, which does not perfectly anticipate the particular outcome in this case. Her contract, entitled "Memorandum of Contingency Fee Contract," provides, *inter alia*:

> In the event that an attorney fee is recovered through this action from the Defendants, or any of them, then in that event, the fee payable to the attorney shall be the attorney fee awarded and paid by the Defendants, or any of them.
>
> &ast; &ast; &ast;
>
> In the event that punitive damages are recovered in addition to compensatory damages and attorneys fees, then the attorneys fees awarded and collected shall be the fee for handling this case, and shall additionally include forty per cent (40%) of such punitive damages.

Without undertaking interpret this ambiguous language, it appears that any fee awarded against and collected from Eclipse would eliminate any contingent fee to Brisendine's attorney from any monies recovered on the $2,000 judgment against Lindsey. The use of the word "recovered," in contrast to the word "awarded," may

5

cause trouble, because Brisendine may end up actually <u>recovering</u> from Lindsey and not from Eclipse. In counsel's affidavit accompanying the copy of plaintiff's written fee agreement, he says, *inter alia*:

> ... I have indicated to the plaintiff, Cindy Brisendine, that if the court should award an attorney fee substantially as requested, that I would not claim any part of any punitive damages collected by the plaintiff in this case.

The words "substantially as requested," in contrast to "exactly as requested," may cause difficulty depending upon what this court does. The fact is that this court is being indirectly called upon in its fee award to influence the amount of Brisendine's net recovery, after attorneys fees. If this court trims the attorneys fees requested, as it plans to do, counsel apparently reserves the right to enforce his 40% contingent fee from the $35,000.00 punitive damages, even though there were no compensatory damages awarded against Eclipse. This court is not assigned the responsibility for resolving any prospective dispute between Brisendine and her counsel over fees. This court will therefore simply ignore the fee arrangement and any interpretation or modification of it by the parties to it, and will do what the court earlier suggested, namely, take the lodestar approach and then reduce the fee and expenses by the two-thirds arbitrarily attributed to chasing Baker and Lindsey.

A separate order will be entered to this effect.

6

DONE this ____9th____ day of January, 1997.

                                            _____
                                            WILLIAM M. ACKER, JR.
                                            UNITED STATES DISTRICT JUDGE