IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

CINDY BRISENDINE, )
)
    Plaintiff )  CIVIL ACTION NO.
)
VS. ) 95-AR-0276-M
)
ECLIPSE HOSIERY, INC., ET AL., )
)
    Defendants )
)

## MEMORANDUM OPINION

    This court has for consideration a motion by plaintiff, Cindy Brisendine ("Brisendine"), for an award of attorneys fees pursuant to 42 U.S.C. § 2000e-5(k) and Rule 54(d)(2), F.R.Civ.P. The court directed plaintiff to supplement her motion with a copy of any agreement between her and her attorneys executed prior to the filing of her complaint in this court, and she has done so.

    As this court sees it, all except four of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and its progeny, are either irrelevant or are neutral in their influence in deciding the fee question. The four relevant factors are: (1) what is a reasonable hourly rate for plaintiff's counsel (the "lodestar"); (2) what is the reasonable number of lawyer-hours spent; (3) what is the degree of success; and (4) what is the effect, if any, of the fee agreement.



plaintiff's supervisor who was her actual *quid pro quo* attacker). Baker got out on summary judgment very early in the case, leaving only two defendants to face the music. By the time of trial the only claims against Lindsey were pendent state claims under tort theories of assault and battery and invasion of privacy. As such, they carried no possibility of an attorneys fee award against Lindsey, even if Brisendine prevailed. Eclipse was the only remaining Title VII target. Although Brisendine was still trying to recover against Eclipse for Lindsey's wrongful conduct under state law on a *respondeat superior* theory, she sought from Eclipse under Title VII: (1) back pay; (2) compensatory damages for mental anguish; and (3) punitive damages. The jury denied her pendent state claims against Eclipse and denied both her back pay and mental anguish claims under Title VII. Her only verdict was in the sum of $35,000.00 against Eclipse under Title VII in punitive damages, virtually the same amount she now claims for attorneys fees and expenses. Eclipse argues, without success but with some plausibility, that to double what Eclipse must pay Brisendine would be to "punish" it more than the jury intended.

  The court is persuaded to deviate from the lodestar not by following Eclipse's suggestion to compare the amount of the jury verdict with the amount sought by Brisendine's lawyers, but rather by *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983), the case which prevents a prevailing plaintiff from recovering from a

3

Title VII defendant for that portion of the professional services performed by plaintiff's counsel that did not produce or contribute to the favorable result.    While speaking of what this court does not envy, this court does not envy today's plaintiffs' lawyers in Title VII, ADEA and ADA cases for having to keep time records designed to anticipate an unwished-for need to distinguish between that portion of the work that produces the successful result and that portion that fails to obtain relief sought by plaintiff, or, as in the instant case, produces success on a state claim that carries no fee for the prevailing party.  Brisendine might even consider herself lucky that Baker, who was, after all, a prevailing <u>defendant</u>, did not timely seek from her his attorneys fees for the lawyer-hours worked by his high-priced lawyers who achieved a quick victory for him against a weak claim, but were allowed to withdraw before having to decide whether to try to get blood out of the Brisendine turnip.

The motion and accompanying affidavits filed by Brisendine in support of her present claim for attorneys fees and expenses do not provide this court with a rational basis for deciding how many of her lawyer's hours were spent chasing Eclipse on claims as to which she was unsuccessful, and/or how many lawyer-hours were spent chasing Baker with no success whatsoever, and/or how many hours were spent chasing Lindsey under state law theories and getting a mere $2,000.00 verdict against him that carries no add-on fee even

4

if the jury had awarded her $2,000,000 for Lindsey's sexual assault. The court is left with four choices: (1) throw up his hands; (2) find that Brisendine has failed to meet her burden of proof under 42 U.S.C. § 2000e-5(k); (3) speculate wildly; or (4) exercise the court's somewhat less than Solomonic judgment and divide Brisendine's proven attorneys fees and expenses under the lodestar theory by three, the number of defendants; and accordingly to award plaintiff one-third of what she requests because she partially nailed the single defendant that is subject to prevailing-party fee liability.

The claim here is complicated further by Brisendine's so-called contingent fee contract, which does not perfectly anticipate the particular outcome in this case. Her contract, entitled "Memorandum of Contingency Fee Contract," provides, *inter alia*:

> In the event that an attorney fee is recovered through this action from the Defendants, or any of them, then in that event, the fee payable to the attorney shall be the attorney fee awarded and paid by the Defendants, or any of them.
>
> &ast; &ast; &ast;
>
> In the event that punitive damages are recovered in addition to compensatory damages and attorneys fees, then the attorneys fees awarded and collected shall be the fee for handling this case, and shall additionally include forty per cent (40%) of such punitive damages.

Without undertaking interpret this ambiguous language, it appears that any fee awarded against and collected from Eclipse would eliminate any contingent fee to Brisendine's attorney from any

5

monies recovered on the $2,000 judgment against Lindsey. The use of the word "recovered," in contrast to the word "awarded," may cause trouble, because Brisendine may end up actually <u>recovering</u> from Lindsey and not from Eclipse. In counsel's affidavit accompanying the copy of plaintiff's written fee agreement, he says, *inter alia*:

> ... I have indicated to the plaintiff, Cindy Brisendine, that if the court should award an attorney fee <u>substantially</u> as requested, that I would not claim any part of any punitive damages collected by the plaintiff in this case.

(emphasis supplied). The words "substantially as requested," in contrast to "requested," may cause difficulty depending upon what this court does. The fact is that in awarding a fee this court is being indirectly called upon to influence the amount of Brisendine's net recovery, after attorneys fees. If this court trims the attorneys fees requested, as it plans to do, counsel apparently reserves the right to enforce his 40% contingent fee from the $35,000.00 punitive damages, even though there were no compensatory damages awarded against Eclipse. This court is not assigned the responsibility for resolving any prospective fee dispute between Brisendine and her counsel. This court will therefore simply ignore the fee arrangement and any interpretation or modification of it by the parties to it, and will do what the court earlier suggested as its fourth alternative, namely, take the lodestar approach and then reduce the fee and expenses by the two-

thirds somewhat arbitrarily attributed to the wild-goose-chasing of Baker and Lindsey.

A separate order will be entered to this effect.

DONE this __14th__ day of January, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

7